(No. 1775—▮▮▮▮▮▮▮▮▮▮▮▮▮▮)

BENJAMIN A. DAVENPORT, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed January 8, 1935.*

BENJAMIN A. DAVENPORT, pro se.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

This claim was filed pro se on May 13, 1931, asking for an award of Forty Thousand Dollars ($40,000.00) because of injuries alleged to have been received by claimant while acting as Captain of the Guards during a prison riot at the Illinois State Penitentiary at Joliet.

The record discloses that a general riot occurred in the prison during the noon mess hour on March 14, 1931, during which approximately one thousand inmates of the prison rioted and attempted to escape; that the claimant in the exercise of his duties endeavored to quell the disorder and to re-

store order, and in so doing was hit, struck down and trampled and suffered an injury to the left upper arm and bruises on other parts of the body; treatment was given him by Dr. Charles J. Carlin, one of the physicians at the Joliet Prison and that subsequent examinations were made by Major H. Worthington, managing officer of the Research and Educational Hospital and that claimant's injury to the left arm was pronounced as fifty per cent (50%) permanent disability.

Claimant was relieved from duty for about eight weeks after the accident, but remained at the institution and thereafter resumed the performance of duties of various kinds about the prison and on September 14, 1931, resumed his normal duties as Captain of the Guards. He has received full wages during the time of his disability and has therefore been paid considerably more than any temporary partial disability compensation that could have been allowed under the Workmen's Compensation Act. The only basis for an award at this time is for the alleged permanent partial loss of the use of claimant's left arm, as computed under the terms of the Workmen's Compensation Act.

The record is not very satisfactory as to the extent of this injury, but it does appear that the claimant was employed as a Captain of the Guards at Joliet State Prison. The Workmen's Compensation Act of Illinois applies to the State when it is engaged in one of the enterprises declared by Section 3 of that Act to be extra hazardous. One employed as a watchman or guard at a State prison or hospital for the insane is engaged as an employee under the terms of the Workmen's Compensation Act, *Davis Admx.* vs. *State,* 7 C. C. R. 176.

Under the showing made herein claimant has suffered a fifty per cent (50%) permanent partial loss of the use of his left arm for which an award is made in the sum of One Thousand Seven Hundred Thirty-six Dollars ($1,736.00).